William B. Lawless, J.
Petitioner brought this proceeding under article 78 of the Civil Practice Act to review respondent’s action in discharging him from his employment as a trooper in the New York State Police.
The petitioner seeks reinstatement and seeks to be paid his full salary from May 31, 1962 to the date of petitioner’s reinstatement, less any sick leave with pay and any compensation earned by petitioner from other occupations since his dismissal.
On the return of the petition respondent admitted that petitioner’s employment and his subsequent removal was made without right. The only question remaining is whether petitioner is entitled to compensation since the date of his dismissal.
Respondent contends that petitioner is not entitled to compensation for the reason that he was on sick leave at the time of dismissal and that his rights to sick leave or sick leave at half pay constitute his exclusive claim to reimbursement. We disagree with this position.
Section 77 of the New York State Civil Service Law controls this point. It provides in part: “ § 77. Compensation of officers and employees reinstated by court order. Any officer or employee who is removed from a position in the service of the state or of any civil division thereof in violation of the provisions of this chapter, and who thereafter is restored to such position by order of the supreme court, shall be entitled to receive and shall receive from the state or such civil division, as the case may be, the salary or compensation which ho would have been entitled by *438 law to have received in such position but for such unlawful removal, from the date of such unlawful removal to the date of such restoration, less the amount of compensation which he may have earned in any other employment or occupation and any unemployment insurance benefits he may have received during such period. Such officer or employee shall be entitled to a court order to enforce the payment of such salary or compensation.” This section was applied to a similar situation in Matter of Smith v. McNamara (277 App. Div. 580), wherein an employee was dismissed by a superior who believed her to be emotionally upset. She was out on leave of absence with pay for a period of time and thereafter she was told that she was to be continued on leave of absence without pay. As in the instant proceeding no charges were brought against her. The Appellate Division indicated that her position was in the competitive class of civil service and, therefore, controlled by subdivision 2 of section 22 which is now section 75 of the Civil Service Law. (See, also, O’Connor v. New York City Tr. Auth., 144 N. Y. S. 2d 409, affd. 1 A D 2d 799 and Haskins v. Warner, 47 N. Y. S. 2d 793.)
It follows that petitioner is entitled to the reimbursement provided by statute.